IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PETER WEST, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED;

*Plaintiffs*,

versus

LOWES HOME CENTERS, INC.

*Defendant.*

CIVIL ACTION NO.: 6:09-CV-1310

JUDGE REBECCA F. DOHERTY

MAGISTRATE JUDGE C. MICHAEL HILL

## PLAINTIFFS' MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS

BABCOCK LAW FIRM, LLC

By: /s/ Kevin P. Kleinpeter
**KEVIN P. KLEINPETER**
LA Bar Roll No. 30578
11420 Airline Highway, Suite 102
Baton Rouge, LA  70816
Telephone: (225) 344-0911
Facsimile: (225) 761-9088
E-mail: *kevin@babcockfirm.com*
ATTORNEYS FOR PETER DENNIS WEST

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii-v

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................... 1-3

II. FACTUAL BACKGROUND ............................................................................ 3-4

III. ISSUE PRESENTED ....................................................................................... 5

IV. ARGUMENT-REQUEST FOR §216(B) NOTICE TO POTENTIAL PLAINTIFFS ......... 5-11

      A.     Legal Standards: The District Court is authorized to issue notice to
            the potential opt-in plaintiffs and should do so immediately ........................... .5-10

            1.     The Court should use the Two-Stage Approach In Issuing
                    Notice to Potential Plaintiffs ................................................. 7-8

            2.     Notice to potential plaintiffs is appropriate on the facts
                    presented because the putative class members are similarly
                    situated ............................................................................... 8-10

      B.     Relief Sought: Issuance of notice to potential plaintiffs and
            disclosure of names and addresses of current and former hourly
            Managers-in-Training who have been employed at Lowe's Home
            Center locations in the State of Louisiana from July 31, 2006 to the
            present ............................................................................... 10-11

V. CONCLUSION ............................................................................................ 11-12

# <u>TABLE OF AUTHORITIES</u>

## FEDERAL CASES

*Allen, et al. v. McWane, Inc.*,
  2006 WL 3246531 (E.D.Tex.)(J. Ward) ........................................................... 5

*Barnett v. Countrywide Credit Indus., Inc.*,
  2002 WL 1023161, at*1 (N.D. Tex. May 21, 2002) ........................................ 7

*Belcher v. Shoney's, Inc.*,
  927 F. Supp. 249, 251 (M.D. Tenn. 1996) ...................................................... 6

*Brooks v. Bellsouth Telecom*,
  164 F.R.D. 561, 568 (N.D. Ala. 1995) ............................................................ 7

*Camp v. The Progressive Corporation, et al.*,
  8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002) .......................................... 6

*D'Anna v. M/A-Com, Inc.*,
  903 F.Supp 889, 893 (D.Md.1995) ............................................................... 5,6

*Dybach v. State of Fla. Dept. of Corrections*,
  942 F.2d 1562, 1567-68 (11th Cir. 1991) ................................................. 6,9,10

*Garner v. G.D. Searle Pharm.*,
  802 F. Supp. 418, 419 (M.D. Ala. 1991) ........................................................ 6

*Grayson v. K Mart Corp.*,
  79 F.3d 1086, 1096 (11th Cir. 1996) ....................................................... 5,6,7, 9

*H & R Block, Ltd. v. Housden & Beard*,
  186 F.R.D. 399, 400 (E .D. Tex. 1999) ........................................................... 9

*Hipp v. Liberty Nat 'l Life Ins. Co.*,
  164 F.R.D. 574, 575, 576 (M.D. Fla. 1996) ................................................... 6

*Hoffman-La Roche, Inc. v. Sperling*,
  493 U.S. 165, 169 (1989) ............................................................................. 5,6

*Jackson v. New York Telephone Co.*,
  163 F.R.D. 429, 431 (S.D.N.Y. 1995) ........................................................... 6

*Johnson, et al. v. TGF Precision Haircutters, Inc.,*
> 319 F.Supp.2d 753, 754 (S.D.Tex. Jun 01, 2004) ............................................................ 6

*Mooney v. Aramco Services Co.,*
> 54 F.3d 1207, 1213-14 (5th Cir.1995) ................................................................ 5,6,7,8,9

*Riojas v. Seal Produce, Inc.,*
> 82 F.R.D. 613, 616 (S.D. Tex. 1979) ................................................................................. 9

*Shushan v. Univ. of Colorado,*
> 132 F.R.D. 263, 265 (D. Colo. 1990) .............................................................................. 8

*Sperling v. Hoffman-Laroche, Inc.,*
> 118 F.R.D. 392, 406-07 (D.N.J. 1988) ........................................................................ 6,7

*Thiessen v. General Elec. Capital Corp.,*
> 267 F.3d 1095,1105 (10th  Cir. 2001) ............................................................................. 8

*Tucker v. Labor Leasing, Inc.,*
> 872 F. Supp. 941, 947 (M.D. Fla. 1994) ......................................................................... 5

## DOCKETED CASES

*Aguilar, et al. v. Pilgrim's Pride Corporation,*
> Case No. CV-060J-1673-NE (N.D. Ala. January 31, 2007)(J. Johnson).......................... 10

*Hanks, et al v. Big Lots Stores, Inc.,*
> C.A. 5:04-cv-00238-DF (E.D. Tex. August 8, 2005)(J.Folsom) ..................................... 6

*Benbow, et al. v. Goldkist, Inc.*
> C.A. 3:06-cv-02751-MBS (D. S.C. April 16, 2007)(J.Seymour) ..................................... 10

## STATUTES

29 U.S.C. §206.................................................................................................................. 1

29 U.S.C. §207(A) ........................................................................................................... 1

29 C.F.R. §778.101 .......................................................................................................... 1

FAIR LABOR STANDARDS ACT ("FLSA"), 29. U.S.C. §216(B)…………………… *passim*

## FEDERAL RULES

Fed. R. Civ. P. 20(a) ........................................................................................................ 6

Fed. R. Civ. P. 23 ....................................................................................................... 6,7,8

## MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS

Plaintiff Peter West, *et al.*, on behalf of themselves and all other similarly situated individuals, (hereinafter, "Representative Plaintiff") file this Motion for Notice to Potential Class Members and would show the Court as follows:

## I.
### INTRODUCTION AND SUMMARY OF THE ARGUMENT

Representative Plaintiff and all of the Opt-In Plaintiffs were employed as Managers In Training ("MIT") at Defendant Lowe's Home Center, Inc. locations across Louisiana during the relevant time period.  To date, one current and three former Lowe's MITs have elected to join this lawsuit.

Representative Plaintiff and all of the Opt-In Plaintiffs were not paid all of their wages or overtime compensation for all of the hours they worked in excess of 40 hours a week as is required by 29 U.S.C. §§206 and 207 and 29 C.F.R. §778.101.  Specifically, Lowe's required its MITs to work "off the clock" during the relevant time period. In many instances, Lowe's would not allow the MITs to clock in or out for the time they spent working at the Lowe's location.

It was known the human resources department of Lowe's would engage in unscrupulous behavior of slashing, rearranging and manipulating its MIT's time to avoid federal law.  Every few weeks it was often heard the human resources department at Lowe's in Louisiana would "do payroll".  In other words, not paying the MITs the money they earned and worked for.  Lowe's implemented and used this illegal compensation scheme to save money by preventing its employees from receiving all of their earned wages as required by the Fair Labor Standards Act ("FLSA").

Representative Plaintiff has filed this Motion for Notice to Potential Class Members pursuant to the collective action provisions of the FLSA in order to provide current and former MITs at the Lowe's locations across Louisiana with a reasonable opportunity to litigate their claims on a collective basis. 29 U.S.C. § 216(b). Under the FLSA and the case law interpreting it, individuals may bring "collective actions" on behalf of themselves and on behalf of those who are "similarly situated."  In this case, Representative Plaintiff contends that the class of similarly situated individuals to be notified of this lawsuit, e.g. the "Putative Class Members" should be defined as follows:

> **"ALL CURRENT AND FORMER HOURLY MANAGERS IN TRAINING WHO WERE EMPLOYED AT ANY TIME BY LOWES HOME CENTER, INC. IN THE STATE OF LOUISIANA AND WORKED MORE THAN 40 HOURS A WEEK IN THE MANAGER TRAINING PROGRAM DURING THE TIME PERIOD JULY 31, 2006 TO PRESENT"[1]**

The Putative Class Members are similarly situated for purposes of notice and conditional certification because (1) the Putative Class Members perform similar duties and have identical job titles; (2) the Putative Class Members have the same or similar hourly pay structure; (3) the Putative Class Members all worked in retail home improvement centers operated by the same company in the State of Louisiana; and (4) the Putative Class Members all claim to have been forced to work off the clock without compensation.

Because there are many others who are similarly situated to the Putative Class Members and who may not be aware of this suit or their right to proceed in this forum, Plaintiffs' Motion for Notice to Potential Class Members asks this Court for permission to send a notice to potential

---

[1] Plaintiff contends that the relevant time period for purposes of defining the scope of the class and issuing notice should be three years from the date the notice is issued.  As such, Plaintiff has left a blank in the description of the class and the proposed noticed form.

plaintiffs, e.g. current and former hourly Managers In Training at Lowe's locations in Louisiana to make these individuals aware of their rights and to allow them to make an informed decision as to whether or not to proceed in this case.  Finally, because the FLSA statute of limitations runs from the date an individual opts in to the case, those former employees who are no longer being subjected to Lowe's illegal compensation scheme are losing money every day that passes without receiving notice of this lawsuit.

## II.
### FACTUAL BACKGROUND

The actions taken by Lowe's are part of a widespread, pattern and practice of abuse to which Plaintiff and all those who are similarly situated have been subjected to for many years. Representative Plaintiff has filed this lawsuit and signed the attached declarations to recover unpaid wages and overtime compensation in connection with Lowe's ongoing violation of the FLSA.

Representative Plaintiff are non-exempt, hourly employees who were not compensated for time spent performing the following activities:

(1) Checking customers out and assisting the cashiers;

(2) Stocking and/or organizing the shelves with new or returned product;

(3) "Manning the gate" and monitoring the "bull pen" areas;

(4) Assisting customers with loading and/or unloading purchases;

(5) Assisting customers with questions about products and purchases;

(6) Reviewing safety report;

(7) Conducting price control;

(8)     Monitoring inventory and preparing Section 3 Reports to purchased additional product;

(9)     Monitoring and overseeing new MITs to ensure they are meeting all of the Lowe's training requirements;

(10)    Monitoring other Lowe's employees clocking in and out for shift work.

Instead, Representative Plaintiff was only compensated for the scheduled time he spent working on the clock, not for the actual hours that they worked.  Moreover, based on the evidence attached hereto, it's clear that all of the conduct described herein, occurred regardless of the time period, department, or supervisor and always resulted in a substantial loss of income to these individuals.  *See* Exhibits 1 through 4 (declarations of the Representative Plaintiff and Opt-In Plaintiffs)

Based on their observations, personal experiences and conversations over the years with their co-workers, Plaintiffs are aware of other current and former employees who were required to work without receiving proper pay at Lowe's. *Id.* Moreover, the fact that four people have joined this lawsuit to recover unpaid wages and have done so without court-authorized notice, is strong evidence that the Court should consider in remedying Lowe's illegal compensation scheme by conditionally certifying this collective action.

Finally, the Putative Class Members in this lawsuit are precisely the type of workers most in need of the protection of the FLSA, including the opportunity to present their claims collectively.

**III.**
Issue Presented

Should potential plaintiffs be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid wages and overtime compensation?

## IV.
ARGUMENT
REQUEST FOR §216(B) NOTICE TO POTENTIAL PLAINTIFFS

A.   LEGAL STANDARDS:  THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE  TO THE POTENTIAL OPT-IN PLAINTIFFS AND SHOULD DO SO IMMEDIATELY

 The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit.  *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).  Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute.  *Id.* at 170-172.

 Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated."  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp 889, 893 (D.Md.1995).  Plaintiff's claims and positions need not be identical to the potential op-ins, they need only be similar.  *Grayson* at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Camp v. The Progressive Corporation, et al.*, 8 Wage & Hour Cas. 2d 477 *11

(E.D. La. 2002)(permitting nationwide notice to various categories of misclassified insurance adjusters); *Allen, et al. v. McWane, Inc.*, 2006 WL 3246531 (E.D.Tex.)(J. Ward)(permitting notice to hourly employees at thirteen different pipe and foundry plants across the country); *Hanks, et al v. Big Lots Stores*, *Inc.,* C.A. 5:04-cv-00238-DF(E.D. Tex. August 8, 2005)(J.Folsom)(permitting nationwide notice to furniture department managers). Plaintiffs need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)(Plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law").

Court facilitated notice to the "class" regarding the FLSA collective action is warranted when a plaintiff demonstrates that there are others who may wish to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions.  *Dybach v. State of Fla. Dept. of Corrections.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Garner v. G.D. Searle Pharm.*, 802 F. Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 575, 576 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996). The standard for collective action notice is a "lenient" standard.  *Mooney,* 54 F.3d at 1213; *D'Anna*, 903 F.Supp. at 889, 894. *See also Johnson, et al. v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754 (S.D.Tex. Jun 01, 2004)(J. Werlein)(commenting that the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in.").[2]  "It is considerably 'less

---

[2] *See, generally Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. at 170 (in commenting favorably upon collective actions, the Supreme Court noted that collective actions allow a pooling of resources promote judicial efficiency through, "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged….activity.")

stringent' than the proof required pursuant to Fed. R. Civ. P. 20(a) for joinder or Fed. R. Civ. P.

23 for class certification." *Grayson*, 79 F.3d 1086, 1096.

     **1.**     THE COURT SHOULD USE THE TWO-STAGE APPROACH IN ISSUING NOTICE TO
           POTENTIAL PLAINTIFFS.

There are two different approaches that may apply in deciding whether notice should be

issued to potential plaintiffs – the two-stage approach and the Rule 23 approach.  *Mooney*, 54

F.3d at 1213-14[3].  Consequently, this Court should adopt the two-stage approach in analyzing

Plaintiff's request for notice to potential plaintiffs.[4]

Under the two-stage approach, the court applies a lenient standard to determine whether

similarly situated persons exist.  *Mooney* at 1213-14.  If the plaintiff is similarly situated, then a

"class" is "conditionally certified."  *Id.*  At the notice stage, courts usually determine whether

plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint

supported by affidavits.  *Grayson*, 79 F.3d at 1097; *Mooney*, 54 F.3d at 1213-14; *Brooks v.*

*Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling v. Hoffman-Laroche, Inc.*,

118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd* 493 U.S. 165, 110 S. Ct. 482 (1989).

Under the two-stage approach, once the court makes the preliminary determination that

the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout

discovery.  *Mooney*, 54 F.3d at 1214.  Discovery is relevant thereafter both as to the merits of the

case and for the second step in the collective action procedure where the court evaluates

conflicting evidence developed in discovery to test the validity of the preliminary decision made

---

[3]  In permitting a nationwide notice to a group of over 5000 misclassified account executives of Countrywide
Credit, Judge Barbara Lynn noted that the two-stage approach is "the prevailing test among the federal
courts . . . ."  *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21,
2002).

[4]  While Plaintiffs contend the two-stage approach is the proper standard to be used, the evidence set forth
herein is sufficient to support a finding under the Rule 23 approach as well.

at the notice stage.  *Id.*  Allowing early notice and full participation by the opt-ins, "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive."  *Sperling*, 118 F.R.D. at 406.  Once the notice and opt in period is complete, the Court will have the benefit of knowing the actual makeup of the collective action.

The *Mooney* court identified a second approach to class notice that was first used by a Colorado District Court in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263, 265 (D. Colo. 1990). This approach uses the Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation to discern whether notice should be issued.  However, the Tenth Circuit (which would include the *Shushan* district court), has all but rejected the *Shushan* approach and found it inappropriate to strictly apply the Rule 23 factors in FLSA cases:

> Arguably, the *ad hoc* [two stage] approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards.  Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA, and instead adopted the "similarly situated" standard.  To now interpret this "similarly situated" standard by simply incorporating the requirements of Rule 23 (either the current version or the pre-1966 version) would effectively ignore Congress' directive.

*Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  The court went on to state that all approaches essentially allow for consideration of "the same or similar factors." *Id.*  Thus, the same measure of evidence should support class notice under either approach. Accordingly, this Court should adopt the two-stage approach in analyzing Plaintiffs' request for notice to potential plaintiffs.

### 2. Notice To Potential Plaintiffs Is Appropriate On The Facts Presented Because The Putative Class Members Are Similarly Situated

Discovery is not necessary for this Court to issue notice to Defendant's employees because Plaintiff has greatly exceeded the lenient standard to establish that Defendant's

employees are similarly situated.  At the notice stage, courts usually determine whether plaintiff and potential opt-ins are "similarly situated" based upon allegations in a complaint supported by affidavits.  *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1097.  To be similarly situated, each class member's situation need not be identical, but merely similar.  *Riojas v. Seal Produce, Inc.*, 82. F.R.D. 613, 616 (S.D. Tex. 1979).  Moreover, Defendant's anticipated rebuttal evidence does not bar section 216(b) notice, plaintiff's substantial allegations need only successfully engage the employer's affidavits to the contrary.  *Grayson*, 79 F.3d at 1099 n.17.

In order for Notice to be issued, some evidence of "a single decision, policy, or plan" should be presented.  *Jackson,* 163 F.R.D. at 429, 431; *See generally H&R Block, LTD. v. Housden & Beard,* 186 F.R.D.399, 400 (E.D. Tex. 1999).  Proof of such a single practice can be provided through affidavits of potential plaintiffs, identification of potential plaintiffs, and/or evidence of a widespread plan.  *Id*. (citations omitted).  In addition to these factors, other courts making the notice inquiry have sought to determine if there are other individuals *who desire to opt-in* and who are similarly situated to those bringing the suit.  *Dybach*, 942 F.2d at 1567-68.[5] Thus, if other parties join the suit by filing their consents, this is evidence of a desire on the part of others to join the suit that should be considered by the Court.

In this lawsuit, Plaintiff has more than met the lenient standard of showing that notice to potential plaintiffs is appropriate.  The declarations attached to this Motion show that the practice of not properly compensating Lowe's MITs is widespread and ongoing.  *See generally* Exhibits 1 through 4.  Additionally, one of the most important factors that a Court must consider is that there are similarly-situated individuals who desire to opt in and who should be given notice of

---

[5] Plaintiff and his counsel have received numerous inquiries from other individuals employed by Defendant and these employees have informed us that they are interested in joining the case, but are afraid of retaliation for doing so.

their right to do so.  The fact that one current and three former Lowe's Managers-in-Training have elected to join this case without a notice evidences this fact.  *See Dybach*, 942 F.2d at 1567-68.  Consequently, for this reason and for all of the reasons set forth in this motion and the attached declarations, this Court should authorize notice to potential plaintiffs and allow potential plaintiffs to file consents in the forms attached hereto as Exhibit 5.  Exhibit 6 provides examples of Notices to potential plaintiffs that have been approved by various Districts, including a notice recently issued and approved in *Aguilar, et al. v. Pilgrim's Pride Corporation*, Case No. CV-060J-1673-NE (N.D. Ala. January 31, 2007)(J. Johnson) and a notice issued and approved in *Hanks, et al v. Big Lots Stores*, *Inc.,* 5:04-cv-00238-DF (E.D. Tex. August 8, 2005)(J.Folsom).  Given the weight of the showing made by the Plaintiffs, the issuance of Court-approved notice to potential plaintiffs is appropriate and within this Court's discretion.

B.      **RELIEF SOUGHT: ISSUANCE OF NOTICE TO POTENTIAL PLAINTIFFS AND DISCLOSURE OF NAMES AND ADDRESSES OF CURRENT AND FORMER HOURLY MANAGERS-IN-TRAINING WHO HAVE BEEN EMPLOYED AT LOWE'S HOME CENTER LOCATIONS IN THE STATE OF LOUISIANA FROM _____ TO THE PRESENT. [6]**

To facilitate the Notice process and preserve the rights of those who have not yet opted-in, Plaintiff has attached a proposed Notice and proposed Consent form to be approved by the Court.  *See* Exhibit 5.  These forms are based on various Notice and Consent forms previously approved by District Courts, though they have been modified for this particular case.  Plaintiffs seek to notify a group of potential plaintiffs described as follows:

> **"ALL CURRENT AND FORMER HOURLY MANAGERS IN TRAINING WHO WERE EMPLOYED AT ANY TIME BY LOWES HOME CENTER, INC. IN THE STATE OF LOUISIANA AND WORKED MORE THAN 40 HOURS A WEEK IN THE MANAGER TRAINING PROGRAM**

---

[6] Plaintiff contends that the relevant time period for purposes of defining the scope of the class and issuing notice should be three years from the date the notice is issued.  As such, Plaintiff has left a blank in the description of the class and the proposed noticed form.

**DURING THE TIME PERIOD _____ TO PRESENT"[7]**

Additionally, Plaintiff seeks an Order from this Court requiring Lowe's to disclose the names and last known addresses of those described in above-referenced group of putative class members to be notified.  Plaintiff requests that this information be provided within 15 days from the entry of the Court's Order and in a usable electronic form to reduce any delays in sending out the Notices.  Plaintiff requests that the potential plaintiffs have 95 days after entry of the Court's order to opt-in to the case, unless good cause can be shown as to why the Consent form was not mailed by the deadline.

## V.
### CONCLUSION

Plaintiff has met his burden to show that other similarly situated individuals exist and are interested in asserting their claims.  Specifically, this Court should authorize Plaintiff to issue a notice to the Putative Class Members because Plaintiff has demonstrated that (1) the Putative Class Members perform similar duties and have identical job titles; (2) the Putative Class Members have the same or similar hourly pay structure; (3) the Putative Class Members all worked in retail home improvement centers operated by the same company in the State of Louisiana; and (4) the Putative Class Members all claim to have been forced to work off the clock without compensation.   Additionally, this Court should issue notice to allow those employees whose rights are eroding each day to be informed of this action and their right to join.

---

[7] Plaintiff contends that the relevant time period for purposes of defining the scope of the class and issuing notice should be three years from the date the notice is issued.  As such, Plaintiff has left a blank in the description of the class and the proposed noticed form.

Respectfully submitted,

BABCOCK LAW FIRM, LLC


By: /s/ Kevin P. Kleinpeter
**KEVIN P. KLEINPETER**
LA Bar Roll No. 30578
11420 Airline Highway, Suite 102
Baton Rouge, LA  70816
Telephone: (225) 344-0911
Facsimile: (225) 761-9088
E-mail: *kevin@babcockfirm.com*
ATTORNEYS FOR PETER DENNIS WEST


## CERTIFICATE OF CONFERENCE

Plaintiff has conferred with defense counsel regarding the relief sought by way of this motion and Defendant is opposed to Plaintiffs' Motion for Notice to Potential Class Members.

/s/ Kevin P. Kleinpeter
LA Bar Roll No. 30578


## CERTIFICATE OF SERVICE VIA ELECTRONIC FILING

I, Kevin P. Kleinpeter, hereby certify that on the 25th day of May, 2010 I filed the forgoing *Plaintiffs' Memorandum in support of Motion for Notice to Potential Class Members* electronically through the district court's CM/ECF system, which served by electronic means, all participating counsel of record as reflected on the Notice of Electronic Filing, generated by the CM/ECF system.

/s/ Kevin P. Kleinpeter
LA Bar Roll No. 30578